**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TOMMY LEE HARDEMON, #528739,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0297-K** |
| | ) | **ECF** |
| **OFFICER SIMS, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Central Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Sugarland, Texas. At the time of filing this action he was incarcerated at the Hunt County Jail in Greenville, Texas.

Defendants are Hunt County Jail Officers Sims, Miller, and Reba; the Hunt County Jail; and the Hunt County Jail Kitchen. The Court did not issue process in this case, pending preliminary screening. On February 28 and May 24, 2006, the Magistrate Judge issued two questionnaires to Plaintiff. He filed his answers thereto on March 7 and June 23, 2006,

respectively.[1]

Statement of Case:  The complaint alleges civil rights violations as a result of the conditions of confinement at the Hunt County Jail.  (Complaint at 3-4).  Specifically, Plaintiff complains that food is not served at the "right temperature," and that inmate trustees, who assist officers in serving food, are not clean shaven, do not wear hairnets, and smell of tobacco smoke. (Id.; Answer to Question 5).  He  requests compensatory, declaratory and injunctive relief. (Complaint at 4; Answer to Supplemental Questions 1-2).[2]

Findings and Conclusions:  The Court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

---

[1]     In answer to the first questionnaire, Plaintiff names additional Defendants in lieu of the Hunt County Jail and the Hunt County Jail Kitchen, non-suable entities.  (Answer to Question 10).  In light of the disposition of this case, as set out more fully below, the Court need not address Plaintiff's claims against each of the named Defendants.

[2]     Plaintiff's recent transfer to TDCJ-CID renders his claims for declaratory and injunctive relief moot.  See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (even if inmate was able to establish constitutional violation, his transfer to another prison rendered moot his claim for declaratory and injunctive relief) (citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991)); Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988) (prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there).  Any suggestion of relief based on the possibility of a transfer back to the Hunt County Jail is too speculative to warrant relief.  See Herman, 238 F.3d at 665 (citing Bailey v. Southerland, 821 F.2d 277, 279 (5th Cir.1987)).

28 U.S.C. § 1915A(a) and (b) (emphasis added).  <u>See also</u> 28 U.S.C. § 1915(e)(2)(B) (applicable to *in forma pauperis* actions); 42 U.S.C. § 1997e(c) (applicable to prison conditions actions filed by prisoners).[3]

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

The Prisoner Litigation Reform Act (PLRA) of 1996 requires prisoners filing suit to demonstrate a physical injury to sustain a claim for damages.  <u>See</u> 42 U.S.C. § 1997e(e); <u>Harper v. Showers</u>, 174 F.3d 716, 719 n. 5 (5th Cir.1999).[4]

The only injury which Plaintiff suffered as a consequence of the conditions of confinement at issue in this case was mental pain and suffering.  (<u>See</u> Answer to Question 5). He concedes being stressed and fearing for his health, as a result of "food not at 120% [sic]

---

[3]     42 U.S.C. § 1997e(c)(1) provides that "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

[4]     42 U.S.C. § 1997e(e) states: "No federal civil action may be brought by a prisoner....for mental or emotional injury suffered while in custody without a prior showing of physical injury."

temp[erature]," and the officers and trustees "serving food without hairnets or plastic gloves" and with smoke on their breath.  (Id.).  This additional stress, however, did not require medical attention.  (Answer to Question 6).  As a result, it does not surmount the *de minimus* hurdle of § 1997e(e) physical injury requirement.  See Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003) (state prisoners, alleging Eighth Amendment violation arising out of their twenty-four hour placement in unsanitary isolation cell, could not recover for mental or emotional damages absent more than de minimis physical injury; only claimed injury, nausea suffered by one prisoner, was not severe enough to warrant medical attention); Siglar v. Hightower, 112 F.3d 191, 193-194 (5th Cir. 1997) (holding that injury, consisting of a sore, bruised ear lasting for three days, was *de minimis* in nature and insufficient to satisfy the physical injury requirement of 42 U.S.C. § 1997e(e)).  Because Plaintiff did not suffer any physical injury as a result of the alleged conditions of confinement at the Hunt County Jail, § 1997e(e) bars his request for monetary damages.  See Harper, 174 F.3d at 719.[5]

In addition to failing to meet the physical injury requirement, Plaintiff has not shown that he has exhausted his administrative remedies.  Administrative exhaustion under 42 U.S.C. § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001); Days v. Johnson, 322 F.3d 863, 866 (5th Cir.2003).  Section 1997e(a) specifically provides:

---

[5]        The prohibitive feature of § 1997e(e), requiring physical injury before recovery, does not apply in the context of requests for declaratory or injunctive relief sought to end an allegedly unconstitutional condition of confinement.  See Harper, 174 F.3d at 719.  Plaintiff, however, was transferred to TDCJ-CID a few months after filing this action.  As noted previously, his transfer renders his request for declaratory and injunctive relief moot.  See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991); Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Fifth Circuit Court of Appeals has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added). Most recently in Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2385 (2006), the Supreme Court held that § 1997e(a) exhaustion requirement requires proper exhaustion of administrative remedies, namely "'using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (emphasis in original, quoted case omitted).

Plaintiff has not raised any valid excuse for failing to exhaust his available administrative remedies before filing the complaint in this case. His complaint specifically notes that he did not exhaust the grievance procedure at the Hunt County Jail. (Complaint at 3 ¶ III). While in answer to the questionnaire he acknowledges filing grievances raising the claims at issue in the complaint, he fails to provide any details as to the disposition and date of disposition of each grievance, and whether he filed any appeal. (See Answer to Question 3). He merely states that the Hunt County Jail either failed to respond or refused to take any action with respect to his grievances. (Id.). In light of the statutory mandate of § 1997e(a), the District Court should, in the alternative, dismiss Plaintiff's complaint for failure to exhaust administrative remedies.[6]

---

[6] While Plaintiff sent a copy of one of his grievances to District Judge Richard Beacom, of the 354th Judicial District Court, that did not constitute adequate exhaustion of administrative remedies at the Hunt County Jail. (Answer to Question 3).

5

RECOMMENDATION:

For the forgoing reasons, it is recommended that Plaintiff's complaint be DISMISSED

with prejudice as frivolous.  See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), and 42 U.S.C.

§ 1997e(c).  Alternatively, in the event the District Court concludes that Plaintiff's complaint

should not be dismissed as frivolous, it is recommended that the complaint be DISMISSED for

failure to exhaust administrative remedies.  See 42 U.S.C. § 1997e(a).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 21st day of August, 2006.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir.
1996) (en banc), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten-day period may bar a de novo determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.